IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GEORGE C.L. ROWAN, #A0221576, | ) ) | CIV. NO. 20-00080 DKW-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER TO SHOW CAUSE OR TO PAY THE CIVIL FILING FEE |
| vs. | ) ) | |
| O.C.C.C. WARDEN, D.P.S. DIRECTOR, | ) ) ) | |
| Defendants. | ) ) | |

Before the court is pro se prisoner George C.L. Rowan's prisoner civil rights complaint. ECF No. 1. Rowan did not pay the civil filing fee when he commenced this action. However, he did submit a statement showing his prison account balances between May and October 2019, which appears to be his way of requesting to proceed in forma pauperis ("IFP"). *See* ECF No. 2. The court issued a Deficiency Order directing Rowan to pay the filing fee or to submit a complete IFP application on or before March 18, 2020. *See* Ord., ECF No. 3.

Rowan alleges that the Oahu Community Correctional Center ("OCCC"), and the Director of the Hawaii Department of Public Safety ("DPS") failed to provide him sanitary housing when he was incarcerated at OCCC in September 2018, which he alleges caused or worsened an infection in his toe, that resulted in

its amputation.[1] Rowan was later transferred to the Halawa Correctional Facility ("HCF"), where he is currently housed.

For the following reasons, Rowan is ORDERED to either pay the full civil filing fee OR show good cause in writing why he is entitled to proceed without prepayment of that fee on or before **March 18, 2020.**

### I. <u>28 U.S.C. § 1915(g)</u>

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*

---

[1]Rowan alleged similar claims in *Rowan v. State,* No. 1:19-cv-00040 LEK-KJM (D. Haw. 2019), although in that case, he attributed the infection and amputation of his toe to inadequate medical care by two OCCC nurses. On July 5, 2019, after granting Rowan leave to amend his pleadings to state a colorable claim for relief, the court dismissed the action for his failure to do so. *See id.*, ECF No. 11. Five months later, after he had transferred to HCF, Rowan filed a second amended complaint. ECF No. 15. The court construed the pleading as a motion for reconsideration and denied it, because Rowan still failed to state sufficient facts to state a claim for relief. ECF No. 16. On February 18, 2020, Rowan sought reconsideration again, ECF No. 17, which was denied on February 20, 2020, ECF No. 18.

*v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Docket records in the District of Hawaii show that Rowan has had three actions dismissed for failure to state a claim while he was a prisoner.[2] When these actions were dismissed, the court notified Rowan that these dismissals may be counted as strikes if they were not overturned on appeal. Rowan did not appeal the decisions in any of these actions, and he has, therefore, accrued three "strikes" under § 1915(g). Rowan may not proceed without concurrent payment of the civil filing fee in any federal civil action or appeal unless his pleadings plausibly allege that he was in imminent danger of serious physical injury based on the defendant's actions when he filed suit. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*") (stating that the imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). This "exception turns on the

---

[2]*See, e.g.*, *Rowan v. State*, No. 1:19-cv-00254 DKW (D. Haw. 2019); *Rowan v. State*, No. 1:19-cv-00040 LEK (D. Haw. 2019); *Rowan v. Hall*, No. 1:14-cv-00097 JMS (D. Haw. 2014).

conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.

Nothing within Rowan's Complaint indicates that he was in imminent danger of serious physical injury when he filed this action, or that there is a continuing practice that injured him in the past that poses an "ongoing danger" to him. *Andrews II,* 493 F.3d at 1056. Rowan again alleges that he entered OCCC on September 5, 2018 and was seen by medical staff soon thereafter "because of open sores and cuts on left big toe." Compl., ECF No. 1 at 5. Rowan was housed in annex 2 on arrival, where he noticed "the infection to [his] toe had gotten far worse." *Id.* He notified OCCC medical staff who "promptly responded." *Id.* at 6. On September 8, 2018, he was taken to The Queen's Medical Center, examined, and told that his toe must be amputated. *Id.* Rowan has since transferred to HCF, and he now seeks compensation for the loss of his toe, which he attributes to unsanitary conditions at OCCC in September 2018. These facts do not support a finding that Rowan was in imminent danger of serious physical injury when he "brought" this action on February 19, 2020, and he may not proceed IFP in this suit. 28 U.S.C. § 1915(g).

## II. **CONCLUSION**

Rowan is ORDERED to pay the $400 civil filing fee for commencing this action, or TO SHOW CAUSE in writing explaining why he should be allowed to

proceed in forma pauperis based on the claims that he raises in this suit, on or before **March 18, 2020.**  Failure to show good cause or to pay the filing fee on or before that date will result in DISMISSAL of this action without prejudice to Rowan's refiling his claims in a new action with concurrent payment of the civil filing fee.  The Court will take no action on any documents filed in this case until Rowan has responded to this Order, beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: February 28, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_George C. L. Rowan v. OCCC Warden, DPS Director_: Civil No. 20-00080 DKW-WRP; **ORDER TO SHOW CAUSE OR TO PAY THE CIVIL FILING FEE**

_Rowan v. OCCC Warden_, No. 1:20-cv-00080 DKW-WRP; 3 Stks 20